## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEJANDRO TOLEDO,** | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-00627-BAH |
| | **ORAL ARGUMENT REQUESTED** |
| **U.S. DEPARTMENT OF STATE**, | |
| **WENDY SHERMAN,**<br>in her capacity as U.S. Deputy Secretary of State | |
| Defendants. | |

## NOTICE OF MOTION AND EMERGENCY MOTION TO STAY THE DETENTION AND EXTRADITION OF ALEJANDRO TOLEDO

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ............................................................................................................ 2

BACKGROUND .............................................................................................................. 3

ARGUMENT .................................................................................................................... 5

    I.    The Balance Of The Harms Overwhelmingly Warrants A Stay Pending the Court's
Decision Regarding Plaintiff's Motion for Reconsideration ..................................... 6

    II.    Dr. Toledo's Motion for Reconsideration is Likely to Succeed ..................................... 7

CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Chai v. U.S. Dep't. of State*, 466 F.3d 125 (D.C. Cir. 2006) ............................................9

*Cobell v. Norton*, 2004 WL 603456 (D.C. Cir. Mar. 24, 2004)........................................5

*Hamdi v. Rumsfeld*, 542 U.S. 507 (2004) ........................................................................9

*Hurtado v. United States Atty. Gen.*, 401 F. App'x 453 (11th Cir. 2010).........................8

*In re Extradition of Hilton*, 2013 WL 3282864 (D. Mass. June 26, 2013)...................6, 7

*In re Special Proc.*, 840 F. Supp. 2d 370 (D.D.C. 2012) .................................................5

*Martin v. Warden, Atlanta Pen*, 993 F.2d 824 (11th Cir. 1993)....................................2, 8

*Mills v. District of Columbia*, 571 F.3d 1304 (D.C. Cir. 2009)........................................6

*Nken v. Holder*, 556 U.S. 418 (2009) ..............................................................................5

*Ordinola v. Hackman*, 478 F.3d 588 (4th Cir. 2007).......................................................8

*People's Mojahedin Org. of Iran v. U.S. Dep't. of State*, 613 F.3d 220 (D.C. Cir.
    2010) (per curiam) .....................................................................................................9

*Ralls Corp. v. Comm. on Foreign Inv. in U.S.,* 758 F.3d 296 (D.C. Cir. 2014) ..........3, 8

*Simms v. District of Columbia*, 872 F.Supp.2d 90 (D. D. C. 2012)..................................7

*United States v. Kin-Hong*, 110 F.3d 103 (1st Cir.1997).................................................8

*Venckiene v. United States*, 929 F.3d 843 (7th Cir. 2019)............................................2, 7

*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841,
    844 (D.C. Cir. 1977) ..................................................................................................5

## DOCKETED CASES

*In the Matter of Extradition of Alejandro Toledo Manrique*, No. 19-mj-71055
    (N.D. Cal. Apr. 19, 2023), ECF No. 227 ................................................................4, 6

*Manrique v. Kolc*, No. 22-15705 (9th Cir.) .....................................................................4

PLEASE TAKE NOTICE that counsel for Dr. Alejandro Toledo ("Dr. Toledo") hereby moves to stay his detention in the United States and extradition to Peru, pending the Court's consideration of, and decision, regarding his pending Motion for Reconsideration, April 19, 2023, ECF No. 14 ("Motion"), which seeks reconsideration of this Court's Order, March 28, 2023, ECF No. 12, and Memorandum Opinion, March 28, 2023, ECF No. 13 ("Opinion"), denying his Motion for Preliminary Relief, March 13, 2023, ECF No. 5.  Dr. Toledo respectfully submits that (i) his pending Motion for Reconsideration presents meritorious arguments in support of his due process claim and Motion for Preliminary Relief, (ii) he will suffer irreparable injury in the absence of a stay, and (iii) the issuance of a stay will not substantially injure the other parties or the public interest.  This motion is based on the attached memorandum of points and authorities, the U.S. Constitution, and all applicable statutory and case law.

# INTRODUCTION

Plaintiff respectfully seeks an emergency stay of the detention and extradition of Dr. Toledo, pending resolution of his Motion for Reconsideration, April 19, 2023, ECF No. 14, which seeks reconsideration of this Court's Order, March 28, 2023, ECF No. 12, and Memorandum Opinion, March 28, 2023, ECF No. 13 ("Opinion").  Dr. Toledo also hereby respectfully requests oral argument on the instant Motion.

As explained below, the balance of equities overwhelmingly favors this emergency stay. Absent a stay, on the morning of Friday, April 21, 2023, Dr. Toledo will be taken into U.S. custody and held in prison until he is surrendered to Peruvian authorities for immediate extradition to Peru.  Once in Peru, Dr. Toledo will be held in pretrial detention—where, in light of his age (78) and ailing health, he may not survive to ever see the inside of a Peruvian courtroom.

Plaintiff respectfully submits that his pending Motion for Reconsideration is likely to succeed, for two reasons.  First, Plaintiff submits that his pending Motion for Reconsideration establishes that the constitutional sufficiency of the executive-branch process at issue here must be analyzed separately from the judicial branch process because each branch of government operates independently, decides different issues, and has its own due process requirements under the Constitution.  *See*, *e.g.*, *Venckiene v. United States*, 929 F.3d 843, 863-864 (7th Cir. 2019) (separately analyzing due process challenges to the judicial phase and executive phase of extradition, and holding that the Due Process Clause applies separately to each); *accord Martin v. Warden, Atlanta Pen*, 993 F.2d 824, 829 (11th Cir. 1993) ("Extradition ultimately remains an Executive function. … The United States' actions in reviewing a request for extradition are, of course, subject to the constraints of the Constitution.  The constitutional rights of individuals,

including the right to due process, are superior to the government's treaty obligations."). Second, Plaintiff respectfully submits that his Motion for Reconsideration also establishes that the Department of State's mere "review" of information is insufficient to satisfy constitutional due process requirements in the executive phase of extradition. *See, e.g.*, *Ralls Corp. v. Comm. on Foreign Inv. in U.S.,* 758 F.3d 296, 319 (D.C. Cir. 2014) ("[D]ue process requires, at the least, that an affected party be informed of the official action, be given access to the unclassified evidence on which the official actor relied and be afforded an opportunity to rebut that evidence.").

Plaintiff further submits that this Motion should be granted because a temporary stay of his detention and extradition, pending resolution of the pending Motion for Reconsideration, is necessary to avoid imminent and irreparable harm of an erroneous deprivation of liberty, and possibly also life, which will occur on the morning of Friday, April 21, 2023, in the absence of a stay order from this Court.

## BACKGROUND

On March 25, 2018, Peru submitted a request to the United States seeking the extradition of Dr. Toledo. Compl. ¶ 15. Dr. Toledo was found by the U.S. District Court for the Northern District of California to be "extraditable" under the U.S.-Peru Extradition Treaty on September 28, 2021. *Id*. Thereafter, Dr. Toledo petitioned the U.S. District Court for the Northern District of California for a writ of habeas corpus, which was denied on April 22, 2022. *Id.* In May 2022, Dr. Toledo appealed the denial of his habeas corpus petition to the U.S. Court of Appeals for the Ninth Circuit. *Id.* ¶ 16. While his appeal was pending in the Ninth Circuit, Dr. Toledo learned that the Department of State had decided to initiate the executive phase of extradition. After repeated attempts by Dr. Toledo's counsel to engage with the Department of State during this

executive phase, on February 21, 2023, the Department issued a letter informing Dr. Toledo's counsel that it had reviewed the written materials he submitted, along with other information, and that Deputy Secretary of State Wendy Sherman had decided on the basis of this review to extradite him to Peru.  Compl., Attach. 1, Decl. of David Bowker, Ex. A.  After receiving the letter, Dr. Toledo requested that the Ninth Circuit stay his extradition pending the outcome of his appeal.  *Manrique v. Kolc*, No. 22-15705 (9th Cir.).  On April 5, 2023, a merits panel issued an order denying Dr. Toledo's appeal and motion to stay[1], but the Ninth Circuit then permitted Dr. Toledo to seek en banc reconsideration and granted a temporary stay pending the decision regarding reconsideration.  *Id.*  The en banc panel denied the request for en banc reconsideration on April 18, 2023.  *Id.*

On April 19, 2023, Dr. Toledo was ordered to surrender to U.S. custody on April 21, 2023, at 9:30am (PT).  Order of Commitment for the U.S. Marshall to Take Alejandro Toledo Manrique into Custody, *In the Matter of Extradition of Alejandro Toledo Manrique*, No. 19-mj-71055 (N.D. Cal. Apr. 19, 2023), ECF No. 227 ("Order of Commitment").

On March 7, 2023, Dr. Toledo filed the instant action claiming that the Department of State violated his Fifth Amendment right to due process by deciding to extradite him based upon the mere review of information, without any procedural steps or safeguards, such as disclosing unclassified information or allowing him to rebut relevant facts and evidence underlying the Department's decision.  On March 13, 2023, Dr. Toledo filed a Motion for Preliminary Relief seeking "a temporary restraining order and/or preliminary injunction enjoining the government from revoking his bail, taking him into custody, surrendering him for extradition, or otherwise

---

[1] In the Motion for Reconsideration, counsel for Plaintiff mistakenly wrote that the Ninth Circuit had granted the stay of Dr. Toledo's extradition proceeding, following the Department's issuance of its extradition decision.  This was incorrect.  Counsel corrects the procedural history here.

taking any action that would frustrate this Court's jurisdiction over this matter."  Pl.'s Mot. Prelim. Relief at 1, ECF No. 5.  On March 28, 2023, the Court denied the Motion for Preliminary Relief in an Order, ECF No. 12, and Opinion, ECF No. 13.  On April 19, 2023, Dr. Toledo filed a Motion for Reconsideration, ECF No. 14, seeking reconsideration of the Court's Order and Opinion.  In the instant motion, Plaintiff respectfully requests that this Court order a temporary stay of the detention and extradition of Dr. Toledo, pending its decision regarding Plaintiff's Motion for Reconsideration.

## ARGUMENT

A stay is an "exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."  *Nken v. Holder*, 556 U.S. 418, 433 (2009).  In deciding whether to exercise this discretion, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id.* at 434 (cleaned up).  Where the federal government is a party, its interests and the public interest overlap.  *Id.* at 420.

But the Court can rule on the motion for a stay—even without ruling on the merits of the underlying action.  *See, e.g., Cobell v. Norton*, 2004 WL 603456, at *1 (D.C. Cir. Mar. 24, 2004).  This stems from courts' authority to stay proceedings during the pendency of an appeal, or to issue "an order maintaining the status quo [...] when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant."  *In re Special Proc.*, 840 F. Supp. 2d 370, 372 (D.D.C. 2012) (citing *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559

F.2d 841, 844 (D.C. Cir. 1977) ("There is substantial equity, and need for judicial protection, whether or not movant has shown a mathematical probability of success.").

Here, Dr. Toledo has shown a likelihood of success on the merits of his Motion for Reconsideration.  Even if he had not made such a showing, however, the Court should still grant the requested stay because his Motion for Reconsideration presents a "serious legal question," there is little harm—if any—to the public in granting the stay, and Dr. Toledo faces grave irreparable harm in the absence of a stay.

## I.   The Balance Of The Harms Overwhelmingly Warrants A Stay Pending the Court's Decision Regarding Plaintiff's Motion for Reconsideration

The Court should enter a stay pending appeal because the balance of the harms and related equitable considerations overwhelmingly favor staying the detention and extradition of Dr. Toledo, pending this Court's decision regarding Plaintiff's Motion for Reconsideration.

The risk of irreparable harm is imminent and serious.  On Friday morning, April 21, 2023, Dr. Toledo will be taken into custody by U.S. authorities and placed in pretrial detention in the United States.  Order of Commitment for the U.S. Marshall to Take Alejandro Toledo Manrique into Custody, *In the Matter of Extradition of Alejandro Toledo Manrique*, No. 19-mj-71055 (N.D. Cal. Apr. 19, 2023), ECF No. 227.  Soon thereafter, he will be surrendered to Peru for extradition.  Such harm cannot be undone and is irreparable.  *See Mattis*, 928 F.3d at 22–23 (surrender to the requesting country "is a harm that cannot be remedied"); *In re Extradition of Hilton*, 2013 WL 3282864, at *3 (D. Mass. June 26, 2013) (seeking to "minimize the costs of being mistaken," by granting a stay of extradition).  Indeed, the deprivation of Dr. Toledo's liberty interest, for "even minimal periods of time, unquestionably constitutes irreparable injury." *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (internal citations and quotations omitted).

Moreover, Dr. Toledo also faces irreparable injury in Peru.  There, it is likely he will suffer a litany of abuses and violations of his rights, including prolonged pretrial detention, deprivation of due process, harsh conditions in Peruvian jail, and potentially even cruel, inhuman, and degrading treatment—or worse—by Peruvian authorities.  Compl. ¶¶ 7-8, 57. Given Dr. Toledo's age (78), poor health, and state of mind, he may not survive long enough in Peruvian pretrial detention to see the inside of a courtroom.  *Id.*

The balance of private and public interests favors Dr. Toledo.  There is little or no public harm in slightly delaying extradition after so many years of delay in Peru.  *See In re Extradition of Hilton*, 2013 WL 3282864, at *3 (finding that "a 60–day stay will not harm the government or the public").  This is especially true when weighed against the very strong private interests in ensuring that Dr. Toledo receives the process he is due under the Constitution before he is sent to face prolonged pretrial detention and a risk of death in one of the world's worst criminal justice systems.  *See*, *e.g.*, Compl. ¶¶ 7-8, 57; *see also Simms v. District of Columbia*, 872 F.Supp.2d 90, 105 (D. D. C. 2012) (holding that it is "always in the public interest" to "prevent the violation of a party's constitutional rights").

Given the balance of these harms, intervention by this Court is necessary to stay Dr. Toledo's detention and extradition—and this parade of irreparable consequences—only while it considers Plaintiff's Motion for Reconsideration.

## II.  Dr. Toledo's Motion for Reconsideration is Likely to Succeed

Plaintiff's Motion for Reconsideration is likely to succeed for two reasons.  First, Plaintiff's argument that the constitutional sufficiency of the executive phase of extradition should be analyzed separately from the judicial phase is supported by both the Seventh Circuit and the Eleventh Circuit.  *See*, *e.g.*, *Venckiene* 929 F.3d at 863-864 (separately analyzing due process challenges to the judicial phase and executive phase of extradition and holding that the

Due Process Clause applies separately to each); *accord Martin* 993 F.2d at 829 ("Extradition ultimately remains an Executive function. … The United States' actions in reviewing a request for extradition are, of course, subject to the constraints of the Constitution.  The constitutional rights of individuals, including the right to due process, are superior to the government's treaty obligations.").  Moreover, Plaintiff's Motion for Reconsideration establishes that only the Department (acting in the executive phase of extradition) is allowed to consider the most critical arguments that Dr. Toledo has made regarding his extradition, including for example that (1) Peru's extradition request is politically motivated (Motion for Reconsideration at 7, 27-28), *Ordinola v. Hackman*, 478 F.3d 588, 605 (4th Cir. 2007) (only the Department may consider whether an extradition is politically motivated); (2) Peru's criminal justice system lacks independence and impartiality and is incapable of rendering justice in this case (Motion for Reconsideration at 18, 25-27), *Hurtado v. United States Atty. Gen*., 401 F. App'x 453, 456–57 (11th Cir. 2010) (only the Department may examine the requesting country's justice system); and (3) Dr. Toledo will be subject to mistreatment in Peru following extradition (Motion for Reconsideration at 5-6), *United States v. Kin-Hong*, 110 F.3d 103, 111 (1st Cir.1997) (only the Department may consider "what awaits the [requested individual] in the requesting country").

Second, Dr. Toledo has established in his Motion for Reconsideration that he is likely to succeed on the merits of his argument that the Department violated due process requirements in the executive phase by failing to afford minimal procedural protections, such as disclosing unclassified evidence and information and providing Dr. Toledo and his counsel an opportunity to rebut it.  *See Ralls*, 758 F.3d at 319 ("[D]ue process requires, at the least, that an affected party be informed of the official action, be given access to the unclassified evidence on which the official actor relied and be afforded an opportunity to rebut that evidence."); *Hamdi v. Rumsfeld*,

- 8 -

542 U.S. 507, 533 (2004) (requiring "notice of the factual basis for [the government's decision], and a fair opportunity to rebut the government's factual assertions before a neutral decisionmaker"); *People's Mojahedin Org. of Iran v. U.S. Dep't. of State*, 613 F.3d 220, 227 (D.C. Cir. 2010) (per curiam) (requiring the sharing of unclassified material upon which the Department relied and that the affected party have the opportunity to present and rebut the administrative record); *NCRI*, 251 F.3d at 209 (same); *Chai v. U.S. Dep't. of State*, 466 F.3d 125, 132 (D.C. Cir. 2006) (same). This is the bare minimum due to suspected foreign terrorists, enemy combatants, and foreign corporations before deprivations of property and liberty, so should also be afforded to Dr. Toledo here. Under this standard, the Department's mere "review" of information is insufficient to satisfy the Due Process Clause. *See id.*

## CONCLUSION

For the foregoing reasons, Dr. Toledo respectfully requests that this Court stay his detention and extradition until the Court has resolved Plaintiff's Motion for Reconsideration.

\*       \*       \*

Pursuant to Local Rules 7(m) and 65.1, undersigned counsel for Dr. Toledo hereby states that he has conferred with counsel for Defendants regarding Dr. Toledo's Emergency Motion to Stay Detention and Extradition (which he understands Defendants oppose).

Dated:  April 20, 2023                    Respectfully submitted,

                                          /s/ David Bowker
                                          David Bowker
                                          (D.C. Bar. No. 989309)
                                          WILMER CUTLER PICKERING HALE AND DORR LLP
                                          2100 Pennsylvania Avenue NW
                                          Washington DC 20037
                                          Phone: (202) 663-6000
                                          Facsimile: (202) 663-6363
                                          David.Bowker@wilmerhale.com

                                          Kelsey Quigley
                                          (*pro hac vice* granted)
                                          WILMER CUTLER PICKERING HALE AND DORR LLP
                                          2600 El Camino Real
                                          Suite 400
                                          Palo Alto, California 94306
                                          Phone: (650) 858-6000
                                          Facsimile: (650) 858-6100
                                          kelsey.quigley@wilmerhale.com

                                          *Counsel for Plaintiff*